U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 9 2014

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE LINDA JANE HART,        §
                             §        No. 4:14-CV-526-A
        Petitioner,          §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a purported petition for writ of habeas corpus filed by Linda Jane Hart, an alleged incapacitated person. After having considered the petition and the relief sought by Hart, the court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

I.   Discussion

By way of this habeas action, Hart appears to challenge the legality of pending state probate court proceedings and orders regarding her capacity and temporary guardianship. Pet. 1-3, ECF No. 1.[1] Hart complains that she has no access to monetary funds because the temporary guardian has put her funds "out of her reach." *Id.* at 3.

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W.*

---

[1]The pages of the petition are not paginated, therefore the pagination in the ECF header is followed.

*Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).   Hart asserts—

> It is appropriate to raise this issue in federal court because . . . it is a heinous perversion of justice by a state court the remedies of which could not be had in TX courts in the same county, <u>and</u>/or because my estate is located in at least TX and OK giving rise to the need for federal relief.

Pet. 2, ECF No. 1 (emphasis in original).

However, generally, for this court to have subject matter jurisdiction over a claim under the federal habeas statutes, the petitioner must be "in custody" pursuant to some government action in violation of the Constitution or laws of the United States.   28 U.S.C. §§ 2254(a) & 2241(c)(3). A federal court lacks subject matter jurisdiction to entertain a habeas action if, at the time the habeas petition is filed, the petitioner is not "in custody."   Hart is not in the custody of the state but instead resides at her home in Benbrook, Texas.   Furthermore, federal courts are generally precluded from handling probate matters. *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

For the reasons discussed herein,

The court ORDERS Hart's petition for a writ of habeas corpus be, and is hereby, dismissed for lack of subject matter jurisdiction.   For the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is

2

hereby, denied.  Lastly, the court ORDERS that all pending

motions be, and are hereby, denied as moot.

SIGNED July ___9___, 2014.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE